UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ASHLEY HURLEY, | ) | CASE NO. 3:24-cv-593 (KAD) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICK STOVER, | ) | MAY 20, 2024 |
| *Respondent*. | ) | |

## ORDER GRANTING BAIL AND APPOINTING COUNSEL

Kari A. Dooley, United States District Judge:

Petitioner Ashley Hurley brought this petition for writ of habeas corpus on April 3, 2024. ECF No. 1. She seeks application of time credits under the First Step Act ("FSA") and she calculates that proper application of her earned credits would result in a release date of May 17, 2024. She also seeks "immediate release." *See* ECF No. 9. The Court construes the petition as also seeking enlargement or bail pending adjudication of her claims.

**Standard of Review**

A federal court may grant enlargement or bail as a provisional remedy in habeas cases, pending adjudication of a petitioner's claims. *See Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). Enlargement is appropriate "only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Id.* Petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist. *Id.*

**Discussion**

Petitioner raises substantial claims regarding her eligibility for and calculation of her earned time credits under the FSA. In response to the Order to Show Cause and in supplemental briefing, the Respondent has offered three different explanations as to Petitioner's time credit

status. First, Respondent acknowledged Petitioner's eligibility but offered a calculation which differed from Petitioner's calculation. *See* ECF No. 8. Respondent did not, however, account for "carry over" programming days, which Petitioner appeared to rely upon in reaching her conclusion that her release date should be adjusted to May 17, 2024. In response to a request for supplemental briefing, Respondent explained the process by which the "carry over" programming days would eventually lead to additional time credits. *See* ECF No. 12. In further response to additional submissions by the Petitioner, Respondent explained that a computer "glitch" had erroneously identified Petitioner (and many others) as ineligible for time credits, but that the "glitch" would soon be corrected. *Id.* Thereafter, Petitioner supplemented her petition advising the Court that although the glitch was fixed, she was still being classified as "ineligible." *See* ECF Nos. 13–15. In response to the Court's order that a status report be filed, Respondent now asserts that Petitioner is ineligible for application of her FSA credits because in February of this year, she refused placement at a Residential Reentry Center ("RRC") offered not under the auspices of the First Step Act, but under the Second Chance Act. ECF No. 18.

      The Court has concerns about Respondent's evolving narrative as to Petitioner's eligibility for FSA credits, and in particular, the last, in which Respondent represents that because Petitioner refused placement in a Residential Reentry Center and instead requested to serve out the remainder of her sentence at Danbury FCI, "she cannot be considered to be 'successfully participating' in evidence based recidivism reduction ('EBRR') programming under 18 U.S.C. § 3632(d)(4) or 28 C.F.R. § 523.41(c) and therefore is in 'opt-out' status for purposes of the FSA." *See id.* Respondent does not explain how refusing placement in an RRC under the Second Chance Act implicates Petitioner's participation and entitlement to time credits under the FSA. Indeed, Respondent

acknowledges that this position is not covered in the FSA and the FSA Approved Programs Guide does not include placement at an RRC. *See id.* at 4–5.

Moreover, it does not appear that Petitioner was advised that she would lose her time credits under the FSA when she refused RRC placement. In sum, Petitioner raises a substantial claim that "present[s] merits that are more than slightly in petitioner's favor." *See D'Alessandro v. Mukasey*, No. 08-cv-914 (RJA) (VEB), 2009 WL 799957, at *3 (W.D.N.Y. Mar. 25, 2009).

Moreover, extraordinary circumstances exist warranting enlargement. As the Respondent acknowledges, *see* ECF No. 18, Petitioner should have been released on May 17 if the Court disagrees with the BOP position, which, as he acknowledges, has no basis in the language of the FSA or the implementing regulations. Immediate enlargement is therefore necessary "to make the habeas remedy effective." *Mapp*, 241 F.3d at 226. Absent bail, any possible relief should Petitioner prevail on the FSA credits issue will be lost.

**Conclusion**

For the foregoing reasons, the Court grants Petitioner's request for enlargement. No later than 1:00 PM on May 22, 2024, Respondent shall release Petitioner to home confinement subject to reasonable conditions pending adjudication of the Petition on its merits. Additionally, the Court directs the Clerk of the Court to appoint pro bono counsel for Petitioner so that the issue presented may be further briefed and adjudicated.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of May 2024.

      */s/ Kari A. Dooley*
      KARI A. DOOLEY
      UNITED STATES DISTRICT JUDGE